UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**VINCENTE ROGERS,**

        Petitioner,

   v.                                               5:01-CV-1818 (HGM)

**UNITED STATES OF AMERICA,**

        Respondent.
_____
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**For Petitioner:**

VINCENTE ROGERS
Petitioner *pro se*
07110-052
FCI Loretto
Post Office Box 1000
Loretto, Pennsylvania 15940

**For Respondent:**

HONORABLE GLENN T. SUDDABY         GRANT JAQUITH, ESQ.
United States Attorney for the              Assistant United States Attorney
Northern District of New York
445 Broadway
218 James T. Foley Courthouse
Albany, New York 12207-2924

**HOWARD G. MUNSON**
**Senior United States District Judge**

**MEMORANDUM -DECISION AND ORDER**

**INTRODUCTION**

Currently before the court is petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government opposes petitioner's motion and requests that the court deny it in all respects. For the reasons that follow below, the court DENIES petitioner's motion to vacate his sentence.

**BACKGROUND**

The background of petitioner's underlying conviction has been the subject of several published opinions familiarity with which is assumed. The court, however, will briefly summarize the procedural history and facts germane to petitioner's motion.

**I.   Procedural History**

An eight-count Second Superceding Indictment filed March 21, 1996, charged petitioner, Vincente Rogers and co-defendants Raul Antonio Cordoba-Murgas ("Raul Cordoba"), Luis A. Murgas ("Luis Murgas"), Luis E. Cordoba-Murgas ("Luis Cordoba"), Luis Antonio Todd-Murgas ("Luis Todd"), Cesar Todd-Murgas ("Cesar Todd"), Raul Cordoba , Jose C. Dominguez, Ruben A. Todd-Murgas ("Ruben Todd"), Gilberto Arce, Jayson Jones, Dennis J. Calandra, Jr., Tiffany Gaudinot, and Tricia Irving with, *inter alia*, conspiracy to distribute cocaine and crack cocaine, and individual distributions of cocaine. The court adjudicated defendants' omnibus motions in a published opinion. United States v. Murgas, 967 F.Supp. 695 (N.D.N.Y 1997). Thereafter, Luis Murgas, Luis Cordoba, Luis Todd, Jones, Calandra, Gaudinot, and Irving each pled guilty to conspiracy to distribute cocaine. Cesar Todd, Raul Cordoba, Ruben Todd, Gilberto Arce, and Rogers proceeded to trial where a jury convicted them of conspiracy to distribute cocaine in Rome, New York and the surrounding Oneida County area. At the close of evidence and again before the

case was submitted to the jury, defendants moved for judgment of acquittal pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure, which the court denied. The court denied defendants' post trial motions for judgments of acquittal or a new trial. United States v. Murgas, 177 F.R.D. 97 (N.D.N.Y. 1998).

On April 23, 1998, the court sentenced petitioner to be imprisoned for a term of 151 months to be followed by a term of supervised release for five years. Petitioner appealed, but the Second Circuit affirmed his sentence. United States v. Cordoba-Murgas, 233 F.3d 704 (2d Cir. 2000).

**II.     Facts**

As the court summarized in its prior opinion denying petitioner's post trial motions pursuant to Rules 29(a) and 33 of the Federal Rules of Criminal Procedure, the evidence presented at trial established that Rogers was an active and wilful member of the conspiracy and knowingly carried out its objectives. The evidence demonstrated that Rogers was involved in nearly every facet of the conspiracy's operations--from obtaining the cocaine in New York City, to actually distributing the cocaine and collecting the debts owed the conspiracy by its customers. Additionally, the government proffered evidence that Rogers worked with other members of the conspiracy preparing the cocaine for distribution, *i.e.,* adding cut to the cocaine. Significantly, the evidence demonstrated that Rogers was told to whom he could distribute cocaine by Louis Cordoba, the ring-leader of the conspiracy. This testimony demonstrated the control that Luis Cordoba, as leader of the enterprise, exerted over Rogers.

The evidence of the sale of cocaine to Michelle Niesiwiecz, who purchased cocaine from the enterprise for redistribution, further demonstrated Rogers' extensive involvement with the conspiracy. The intercepted calls of that transaction revealed that Gilberto Arce contacted Rogers and the two made arrangements to obtain the cocaine from Luis Cordoba.

During the investigation, law enforcement also intercepted conversations between Rogers

and Linda Waterman. These conversations revealed that Waterman paged Luis Murgas to obtain cocaine, but instead of Murgas answering, Rogers responded to the page. Rogers conveyed that he reported to Luis Cordoba, who had taken over as ring-leader in Luis Murgas' absence, due to his recent incarceration. Cordoba had instructed Rogers to meet with Waterman regarding future cocaine purchases. When Rogers later offered to "front" cocaine to Waterman, his judgment was questioned by Cordoba. These intercepted phone conversations demonstrated Rogers involvement and collaboration in the conspiracy.

In addition, law enforcement intercepted telephone calls wherein Luis Cordoba was recorded directing Rogers to collect money owed to the enterprise by Vincent Ragonese. Rogers dutifully reported back to Cordoba the terms of repayment from Ragonese. This recorded exchange further demonstrated Rogers' connection to the enterprise. Murgas, 177 F.R.D. at 106-07.

Petitioner now moves pursuant to 28 U.S.C. § 2255 to vacate and set aside his sentence based upon claims in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that: (1) 21 U.S.C. § 841 is unconstitutional; (2) the court improperly treated the type and quantity of the controlled substances as sentencing factors; (3) the court, rather than the jury, made findings of fact concerning drug quantity, which increased the range of penalties to which petitioner was exposed; and, (4) for ineffective assistance of counsel.

## DISCUSSION

The court recognizes that *pro se* pleadings should be construed in a liberal and deferential manner. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972). Even so, Rogers' claims are without merit.

### I.   21 U.S.C. § 841 Is Constitutional

Subsequent to Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, the courts have reaffirmed that 21 U.S.C. § 841 is constitutional. *See* U.S. v. Outen, 286 F.3d 634 (2d Cir. 2002)

4

(joining every other circuit addressing and rejecting the argument that 21 U.S.C. § 841 is unconstitutional). *See* United States v. Cernobyl, 255 F.3d 1215 (10th Cir. 2001); U.S. v. Navarro Vargas, 408 F.3d 1184 (9th Cir. 2005); U.S. v. Sowemimo, 335 F.3d 570 (7th Cir. 2003); U.S. v. Hosoi, 314 F.3d 354 (9th Cir. 2002), (citing United States v. Buckland, 289 F.3d 558 (9th Cir. 2002)); United States v. Collazo-Aponte, 281 F.3d 320, 324-25 (1st Cir. 2002); United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), *cert. denied,* 532 U.S. 1045, 121 S.Ct. 2015, 149 L.Ed.2d 1015 (2001).

**II.    Apprendi Does Not Apply to This Case**

    A.     *Petitioner's Sentence Does Not Violate Apprendi v. New Jersey.*

Apprendi requires that, other than prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum prescribed is to be considered an element of the offense, rather than a mere sentencing factor, and accordingly must be submitted to a jury and proven beyond a reasonable doubt. Jones v. United States, 306 F.Supp. 2d 142, 151-152 (D.Conn. 2003), citing Apprendi, 530 U.S. at 489-490, 120 S.Ct. 2348. Apprendi states:

> We should be clear that nothing in this history suggests that it is impermissible for judges to exercise discretion--taking into consideration various factors relating both to offense and offender--in imposing a judgment *within the range* prescribed by statute. We have often noted that judges in this country have long exercised discretion of this nature in imposing sentence[s] *within statutory limits* in the individual case. Apprendi, 530 U.S. at 481, 120 S.Ct. at 2358.

Apprendi is distinguishable from the facts at hand. The Court made clear that sentences within the range prescribed by statute, like here, are permissible. Apprendi, 530 U.S. 481-482 ("The

Government is . . . on solid ground in asserting that a sentence imposed by a federal district judge, *if within statutory limits,* is generally not subject to review.") (citation omitted).   Where a drug quantity determination imposes a sentence within the maximum penalty, Constitutional questions do not arise.  Jones, 306 F.Supp.2d 151-152 (citing Apprendi, 530 U.S. at 489-490).  In Jones, the petitioner claimed that the court violated Apprendi because, in calculating his sentence, the court made a drug quantity determination rather than the jury.  Jones, 306 F.Supp. 2d at 152.  The court, however, sentenced Petitioner within the statutorily prescribed maximum for the crimes that he was convicted.  Accordingly, because the court did not increase the penalty beyond the statutory maximum, and because Apprendi only applies to sentences beyond the prescribed statutory maximum, the court's sentence passed constitutional muster.  Id. (citing U.S. v. Garcia, 240 F.3d 180, 183 (2d Cir. 2001) (asserting Apprendi does not take away "a sentencing judge's traditional authority to determine those facts relevant to the selection of an appropriate sentence within the statutory maximum.")).  Garcia also held that "a guideline factor, unrelated to a sentence above a statutory maximum or to a mandatory statutory minimum, may be determined by a sentencing judge and need not be submitted to a jury" under Apprendi.  DeFeo v. United States, 153 F.Supp.2d 453, 461 (S.D.N.Y. 2001) (citing U.S. v. Garcia, 240 F.3d 180, 183).  "To hold that every fact pertinent to sentencing must be determined by a jury, would eviscerate the Guidelines altogether and lead to interminable jury deliberations that would further choke already crowded dockets."  Id. at 462.  In De Feo, petitioner moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds that the District Judge erred in making sentencing findings as to the amount of narcotics involved under the United States Sentencing Guidelines by a preponderance of the evidence, rather than beyond a reasonable doubt, pursuant to Apprendi, and for Ineffective Assistance of Counsel; the petition was subsequently denied.  Id. at 454.

Here, the Petitioner received a sentence within the applicable statutory maximum pursuant to 21 U.S.C. § 841(b)(1)(C), and because Apprendi "applies only where a fact found by a judge increases the otherwise applicable statutory maximum sentence," Petitioner's sentence therefore complies with Apprendi.  De Feo, 153 F.Supp.2d at 460.

    B.    *Apprendi Does Not Apply Retroactively.*

Here, Apprendi could only apply retroactively, since the new rule of law became available only after Petitioner was sentenced.  Even if Apprendi were said to apply here under the court's initial inquiry, the Second Circuit recently held that Apprendi does not apply retroactively to initial § 2255 motions for habeas relief. Coleman v. U.S., 329 F.3d 77, 82 (2d Cir. 2003). "To date, at least seven United States Courts of Appeals have held that Apprendi announced a new rule, but that Apprendi's new rule does not apply retroactively to initial § 2255 motions for habeas relief." Id. As in Coleman, here, the question of retroactivity need not even be answered because Petitioner's claim falls outside the scope of the Apprendi holding. Id. at 81.  Coleman reinforces Apprendi's inapplicability to sentences that merely increase the relevant statutory minimum. Id.  Rogers' claims all presume that Apprendi is applicable to his sentence and if so, applies retroactively.  His presumptions however, are false, because Apprendi, even if found to apply under these circumstances, would not apply retroactively to Petitioner's initial § 2255 motion to vacate, set aside, or correct his sentence.  See Coleman, 329 F.3d at 82.

This court held that the constitutional rule of criminal procedure announced in Apprendi does not apply retroactively on collateral review.  Moore v. White, 188 F.Supp.2d 411, 415-416 (N.D.N.Y. 2002).  Under Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), few constitutional arguments apply retroactively on collateral attack even if properly preserved.

7

Teague established that a new rule cannot constitute the basis for retroactive collateral review unless (1) it places an entire category of conduct beyond the reach of criminal law; (2) forbids the use of a certain kind of punishment for a class of defendants; or (3) it is essential for the fundamental fairness of the proceedings. *See* Moore v. White, 188 F.Supp.2d at 415 (citing Bilzerian v. United States, 127 F.3d 237 (2d Cir. 1997)). Apprendi neither decriminalized a category of conduct, nor prohibited imprisonment of drug conspirators. Moore, 188 F.Supp.2d at 416. Because Apprendi cannot even apply here, fairness need not be considered. Id. Accordingly, as many circuits have already held, Apprendi cannot buttress a retroactive collateral review. Id. (citing McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001); United States v. Moss, 252 F.3d 993, 1001-02 (8th Cir. 2001), *cert. denied,* 534 U.S. 1097, 122 S.Ct. 848, 151 L.Ed.2d 725 (2002); United States v. Sanders, 247 F.3d 139, 151 (4th Cir. 2001), *cert. denied,* 534 U.S. 1032, 122 S.Ct. 573, 151 L.Ed.2d 445 (2001)), and Petitioner's claim must fail.

**III.   Petitioner is Procedurally Barred From Bringing a 28 U.S.C.A. § 2255 Claim**

   A.   *Petitioner Cannot Show Cause or Prejudice For Not Raising This Claim On Direct Appeal*.

In order "[t]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." U.S. v. Frady, 456 U.S. 152 at 168, 102 S.Ct. 1584 at 1594 (1982); *see* United States v. Warren, 335 F.3d 76 (2d Cir. 2003) (rejecting defendant's habeas corpus motion where no cause and prejudice were shown, and limiting such relief to violations of statutory or constitutional law); Steele v. United States, 2005 WL 704868 (S.D.N.Y. Mar. 29, 2005) (dismissing Petitioner's prejudice claim and

deeming any further inquiry into deficient performance by counsel unnecessary). The Second Circuit has added another factor where a claim that could have been, but was not raised on direct appeal, is procedurally defaulted and therefore barred from review on a motion to vacate, set aside, or correct a sentence, absent a showing also of "actual innocence." De Feo, 153 F.Supp.2d at 457; *see also* Underwood v. United States, 166 F.3d 84, 87 (2d Cir. 1999).

Here, Rogers only argues that the Apprendi ruling was not available during his trial and on appeal, thus attributing his procedural default to a "new rule" rather than "actual innocence." Even assuming *arguendo* that Petitioner brought an Apprendi-type claim on direct appeal, he cannot show cause or prejudice for failing to raise the claim, because Apprendi does not even apply here.

### B.  *Petitioner Cannot Claim Ineffective Assistance of Counsel.*

"Ineffective assistance of counsel claims are a notable exception to" the procedural default rule, and need not be brought on direct appeal. De Feo, 153 F.Supp.2d at 457; *see also* Billy-Eko v. United States, 8 F.3d 111, 115 (2d Cir. 1993). An additional limited exception, however, exists, which bars collateral review of an ineffectiveness claim where: (1) the movant was represented by new appellate counsel on direct appeal, and (2) the claim is based solely on evidence in the trial record. De Feo, 153 F.Supp.2d at 457; *see also* Riascos-Prado v. U.S, 66 F.3d 30, 34 (2d Cir. 1995) (citing Billy-Eko, 8 F.3d at 115). Here, Rogers was not represented by new counsel and therefore does not fall under this exception.

To establish a claim for ineffective assistance of counsel, a defendant must show: (1) that his counsel's performance fell below an objective standard of reasonableness judged by prevailing professional norms, and (2) that but for the deficiency, there is a reasonable probability that the

9

outcome of the proceeding would have been different. U.S. v. Campbell, 300 F.3d 202, 214 (2d Cir. 2002) (citing Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Both prongs of the test must be met in order for the Petitioner to prevail. Id. Here, Rogers generally contends that his counsel failed to raise the issue reviewed in Apprendi, that any fact increasing the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. Apprendi, 530 U.S. 490, 120 S.Ct. 2348. Again, the prescribed sentence did not exceed the statutory maximum in this case and because his counsel could not have fallen below the objective standard of reasonableness judged by prevailing professional norms for failing to bring frivolous and meritless claims. Strickland, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052. Consequently, he has therefore failed to meet the first prong of the Strickland test. The Supreme Court held that the indigent defendant has no constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points. Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312 (1983). As the Southern District recently stated, "One of the principal functions of appellate counsel is winnowing the potential claims so that the court may focus on those with the best prospects. Defendants need dedicated, skillful appellate counsel, not routineers who present every non-frivolous claim". Brown v. Filion, 2005 WL 1388053, at *16 (S.D.N.Y. June 13, 2005).

Because Rogers' claim fails to meet the Strickland test's first prong, and because satisfaction of both is required, there is no need to inquire into the second, although further analysis will serve to reaffirm rejection of the petitioner's argument. Here, because Rogers' claim for ineffective assistance of counsel is based on his Apprendi argument adjudicated above, there is no question as to whether there is a reasonable probability that the outcome of the proceeding would turn on the

failure of counsel to bring the claim; clearly here, it would not. Strickland, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052. Such claims, even if found to have any merit, must still overcome the strong presumption in favor of counsel's competency. Id. at 689. After all,

> "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight. . . ." Id.

The defendant must therefore overcome the presumption that, under the circumstances, the challenged action was considered sound trial strategy. Id. Even assuming that Rogers' counsel erred in failing to raise the Apprendi claim, the evidence presented at trial "was so strong and substantial" against the defendant, and the omission of the Apprendi claim was "so insubstantial that there was no 'reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.'" Cuevas v. Henderson, 801 F.2d 586, 592 (2d Cir. 1986) (citing Strickland, 466 U.S. at 695, 104 S.Ct. at 2068). Petitioner's ineffective assistance of counsel claim is therefore without merit.

11

## CONCLUSION

**WHEREFORE**, after careful consideration of the parties' submissions, and for the aforementioned reasons, the court hereby **DENIES** Vincente Rogers' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

Dated: September 29, 2005
Syracuse, New York

_____
Howard G. Munson
Senior U.S. District Judge